IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                                     CASE NO. 11-00902 (ESL)

EITTEL E. OPPENHEIMER PRATTS                          CHAPTER 7

Debtor

## OPINION AND ORDER

This case is before the court upon the *Objection to Debtor[']s Amended Schedule C* (Docket No. 118) filed by the Chapter 7 Trustee and the Debtor's *Opposition* thereto (Docket No. 123).  The Chapter 7 Trustee argues that the "Debtor acted in bad faith by his original failure to disclose and further by requesting re conversion to Chapter 13 after not being able to complete the first payment plan and not disclosing any reasons that would merit a reconversion" and that the "Debtor did not amend his schedules to list interest in property until this [] Court denied his motion to re convert to Chapter 13" (Docket No. 118, p. 3, ¶ 6).  The Debtor denies such imputed bad faith and alleges that even "*arguendo,* [] if Debtor failed [] to include the purported assets as an act of bad faith, [] the [Chapter 7] Trustee's objection to the claimed exemptions would have to be denied, because bad faith is not [a] cause for denying a validly claimed exemption" under <u>Law v. Siegel</u>, 134 S.Ct. 1188 (2014) (Docket No. 123, p. 2, ¶ 5).

## Factual and Procedural Background

On February 5, 2011, the Debtor filed a Chapter 13 bankruptcy petition.  <u>See</u> Docket No. 1.  The Debtor disclosed that his only interest in real property was a "Piece of Land located on Sabanas Hoyos Ward … [which] has 1097.18 [square] meters" with an estimated value or amount" of "$53,000.00" (the "Real Property", Docket No. 19, p. 13).  He also disclosed that the Real Property "has a tax lien with [the Puerto Rico Department of Treasury] which may encumber the [] Property, in the amount of $38,155.58 as per title study" and claimed a homestead exemption over such property in the amount of $10,125 under 11 U.S.C. § 522(d)(1).  <u>Id.</u>

The Chapter 13 plan was confirmed on June 24, 2011.  See the *Order Confirming Plan*, Docket No. 51.

On July 14, 2014, the Debtor filed an *Informative Motion* to amend the schedules pursuant to Fed. R. Bankr. P. 1009 to "actualize real property description, actualize property value, take exemption, and inform current income and expenses" (Docket No. 81, ¶ 1).  In *Schedule A*, the Debtor again disclosed the Real Property in the same value, but informed that the "P.R. Treasury Department filed Proof of Claim Number 12 as an unsecured claim" (Docket No. 81, p. 4).  He also attached a Title Search Report[1] prepared on November 23, 2010, describing the Real Property[2] as Lot No. 19765 registered at page 110, volume 477 of the Property Registry of Puerto Rico, Section I of Arecibo (Docket No. 81, p. 5).  The dominium of the Real Property was jointly registered in favor of the Debtor and his wife, Mrs. María Magadelna González Gonzlález, who acquired the property from Carmen Gloria González Rosa in the amount of $5,000 on June 10, 1998 through Deed No. 24 before Notary Public Luis R. Torres Gilormini, registered at page 215, volume 1005 of the Puerto Rico Property Registry, Arecibo, 3rd inscription.  Id.  In the *Amended Schedule C*, the Debtor claimed an exemption on the Real Property in the amount of $7,636.00 under 11 U.S.C. § 522(d)(5).  See Docket No. 81, p. 9.

The next day, July 15, 2014, the case was converted to Chapter 7 (Docket No. 87) and on September 4, 2014 the current Chapter 7 Trustee was appointed (Docket No. 102).

The § 341 meeting of creditors was held on October 7, 2014, where the Debtor testified that the lot of land on which the residence lies is solely owned by his wife but that the residence itself was built with conjugal community funds[3].  The Chapter 7 requested from the Debtor to

---

[1] The Title Search Report in in Spanish.  Although the court will consider this document for the purposes of this *Order*, should any party take an appeal, the certified English translation must be provided.

[2] The Title Search Report matches the same measurements disclosed by the Debtor: 1097.18 square meters in Sabana Hoyos Ward, Arecibo, Puerto Rico.

[3] The *Minute Entry* for said meeting of creditors (Docket No. 108) is virtual and only states that it would be continued for October 18, 2014 at 2:30 p.m.  The *Minute Entry* for the October 28, 2014 meeting of creditors (Docket No. 12) is also virtual and only states that it would be continued for November 18, 2014 at 2:30 p.m.  On November 17, 2014, the Debtor filed a *Notice of Hearing* (Docket No. 116) rescheduling the meeting of creditors for December 2, 2014 at 2:30.  The *Minute Entry* for the December 2, 2014 meeting of creditors (Docket No. 117) is virtual and only states that it was closed.

provide a title search and information as to the mortgage lien on Debtor residence located at Sabana Hoyos Ward.

The Debtor did not comply with the Chapter 7 Trustee's request and instead, on October 24, 2014 filed a *Motion [of] Conversion of Chapter 7 to Chapter 13 Case* (Docket No. 109), which the court denied on October 29, 2014 (Docket No. 111).

On November 3, 2014, the Debtor filed *Amended Schedules A and C* "to include Debtor's potential residual interest on [the] residential property and take [an] exemption" (Docket No. 114). In *Amended Schedule A*, he disclosed a "potential residual interest on [a] residential property" described as Lot No. 40616 registered page 135, volume 929 of the Puerto Rico Property Registry, Section I of Arecibo (the "Real Property II"), only in favor of the Debtor's wife, María Magdalena González González, which she acquired on March 11, 1993 in private capacity ("carácter privativo") through Deed No. 21 before Notary Public Esteban Susoni Lens. See Docket No. 114, pp. 4-6. According to the Debtor, he resides in the Real Property II "which is titled only to [his] wife and partially and/or potentially owned by the conjugal partnership … with liquidation credits to Debtor's wife as per Puerto Rico Law for the value of land and other creditors" (Docket No. 114, p. 4). He disclosed an "unknown" value to Real Property II, although he attached an appraisal report valuing it at $80,000 as of October 23, 2014. Id., pp. 4, 8. In *Amended Schedule C* he claimed exemptions on the Real Property II in the amount of $20,200 under 11 U.S.C. § 522(d)(1) and $1,150 under 11 U.S.C. § 522(d)(5). See Docket No. 114, p. 17. The Real Property II has a recorded mortgage in favor of Sistema de Retiros de los Empleados del Gobierno y Judicatura de Puerto Rico. See Docket No. 114, p. 6-7.

On December 22, 2014, the Chapter 7 Trustee filed an *Objection to Debtor[']s Amended Schedule C* (Docket No. 118) arguing that the "Debtor acted in bad faith by his original failure to disclose and further by requesting re conversion to Chapter 13 after not being able to complete the first payment plan and not disclosing any reasons that would merit a reconversion" and that the "Debtor did not amend his schedules to list interest in property until this [] Court

denied his motion to re convert to Chapter 13" (Docket No. 118, p. 3, ¶ 6). Hence, the Chapter 7 Trustee requests that the court deny the *Amended Schedule C*.

On January 16, 2015, the Debtor filed an *Opposition to Chapter 7 Trustee's Objection to Claimed Exemption* alleging that even "*arguendo,* [] if [he] failed [] to include the purported assets as an act of bad faith, [which he denies,] the [Chapter 7] Trustee's objection to the claimed exemptions would have to be denied, because bad faith is not [a] cause for denying a validly claimed exemption" pursuant to Law v. Siegel, *supra* (Docket No. 123, p. 2, ¶ 5).

On February 6, 2015, the Chapter 7 Trustee filed a *Reply to Debtor[']s Opposition to Chapter 7 Trustee's Objection to Claimed Exemption* arguing that the Debtor's interpretation of Law v. Siegel, *supra,* is "wrong and misguided" because the case "expressly states that 'certain types of debtor misconduct warrant denial of the exemption'" (Docket No. 124, p. 1, ¶ 3[A], citing from Law v. Siegel, 134 S.Ct. at 1197). He also avers that "[i]n the current case Debtor failed to list [his] interest in said property and as such did not claim any exemption over said interest until [the Chapter 7] Trustee in the 341 meeting brought to the attention of the Debtor, and Trustee timely filed an objection to Debtors exemptions" (Docket No. 124, p. 2, ¶ 3(C)). Moreover, the Trustee claims that in In re Woolner, 2014 Bankr. LEXIS 5048, 2014 WL 7184042 (Bankr. E.D. Mich. 2014), the U.S. Bankruptcy Court for the Eastern District of Michigan ruled that bankruptcy courts still have the power to deny exemptions based on Debtor's bad faith even after the decision in Law v. Siegel, *supra.*

On March 12, 2015, the Debtor filed a *Sur-Reply to Trustee's Reply* (Docket No. 131) restating his prior arguments under Law v. Siegel, *supra.*

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Applicable Law and Analysis

The disposition of the instant contested matter hinges on Law v. Siegel, *supra.* In that case, the Chapter 7 debtor claimed a false lien on his property to establish a lack of non-exempt

-4-

equity in the residence for distribution to creditors, and the trustee contended that surcharging the debtor's homestead exemption was appropriate to reimburse the trustee for extensive and costly litigation in establishing that such lien was fraudulent. The U.S. Supreme Court unanimously held in the Opinion by Justice Antonin Scalia that the U.S. Bankruptcy Court for the Central District of California[4] exceeded the limits of its authority in surcharging the homestead exemption to pay the trustee's attorney fees. The broad authority of the Bankruptcy Court to carry out the provisions of the Bankruptcy Code and inherent power to sanction abusive litigation practices did not extend to surcharging the exemption, since the surcharge contravened the specific prohibition under 11 U.S.C. § 522(k) that the exemption was not liable for payment of the attorney fees as an administrative expense.

Exemptions in bankruptcy are governed by Section 522 of the Bankruptcy Code. In Law v. Siegel, the U.S. Supreme Court thoroughly examined Section 522 and concluded that it "sets forth a number of carefully calibrated exceptions and limitations, some of which relate to the debtor's misconduct". 134 S.Ct. at 1196. It further concluded that Section 522's "meticulous --not to say mind-numbingly detailed-- enumeration of exemptions and exceptions to those exemptions confirms that **courts are not authorized to create additional exceptions**." Id. (emphasis added). Moreover, the U.S. Supreme Court also determined that although it is "true that when a debtor claims a state-created exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption … *federal law* **provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the [Bankruptcy] Code**". Id. at 1196-1197 (original italics). In reaching such conclusion, the U.S. Supreme Court also considered and disregarded case law from courts that "have claimed authority to disallow an exemption (or to bar a debtor from amending his schedules to claim an exemption, which is much the same thing) based on the debtor's fraudulent concealment of the asset alleged to be exempt", which is more severe than the "bad faith" claimed by the Chapter 7 Trustee. Id. at 1196.

---

[4] In re Law, 401 B.R. 447 (Bankr. C.D. Ca. 2009).

The Debtor in the instant case is not seeking state-law exemptions. The court therefore agrees with the Debtor that Law v. Siegel, *supra*, bars the Chapter 7 Trustee's *Objection* (Docket No. 118) based on bad faith.

Conclusion

In view of the foregoing, the Chapter 7 Trustee's *Objection* (Docket No. 118) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this ---- day of May, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

-6-